FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 9 2013 ★

OOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ENEKAN EDO,

                              Plaintiff,

           -against-

QUEENS COUNTY CRIMINAL COURT;
JUDGE BLUMENFELD; JUDGE LATELLA;
ADA JACQUELINE RIZK; ADA JENNIFER
TUBRIDY,

                              Defendants..
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 7089 (JBW)

WEINSTEIN, United States District Judge:

Plaintiff Enekan Edo, currently incarcerated at Rikers Island Correctional Facility, brings

this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for failure

to state a claim upon which relief may be granted.

### Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint

*sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief

may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.;

Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte*

1



dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

Plaintiff has two pending actions in Queens County Criminal Court, and seeks to have this Court dismiss the actions. Compl. at ¶ V. Plaintiff seeks monetary damages. In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Plaintiff's complaint fails to state a claim upon which relief may be granted against any of the named defendants. Plaintiff's claims against Judges Blumenfeld and Latella ("the Judges") must be dismissed as Judges have absolute immunity for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9,11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Dupree v. Bivona, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quotation omitted); McHenry v. Trager, No. 07 CV 5242, 2008 WL 115391, at *1 (E.D.N.Y. Jan. 10, 2008).

Here, plaintiff alleges that the Judges "are trying this case in a civil manner, but are covering it up with criminal statues and code's of penal laws." Compl. at ¶ 3. Further, plaintiff alleges that the Judges "are on the public side of debt in which they use trickery on the Plaintiff which is called 'Fiction of Law' . . . " Id. at ¶ 8. Plaintiff's claims against the Judges stem with his dissatisfaction over the way his criminal cases are proceeding. As the alleged wrongdoings of the Judges are acts clearly performed in their judicial capacity in connection with plaintiff's state court criminal proceedings, plaintiff's claims are foreclosed by absolute immunity.

In addition, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' ... insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1991)); Shmueli v. City of NY, 424 F.3d 231, 236 (2d Cir. 2005); see also Bankhead v. Chu, No. 10 CV 510, 2010 WL 935371, at *2 (E.D.N.Y. Mar. 11, 2010) (dismissing claim for monetary damages against the

assistant district attorney in charge of plaintiff s criminal case, based on immunity). Accordingly, to the extent that plaintiff seeks to bring a claim against Assistant District Attorneys Rizk and Tubridy for their role in prosecuting his criminal actions, they are protected by absolute immunity.

Whereas ordinarily the Court would allow plaintiff an opportunity to amend his complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these defendants. Therefore, any attempt to amend the complaint would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

### Conclusion

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JACK B. WEINSTEIN
United States District Judge

Dated: Brooklyn, New York
12\18\13

4